UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

        - against -                :

JUAN DE DIOS TAPIA-GARCIA,         :

              Defendant.           :

- - - - - - - - - - - - - - - - - -x

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____         │
│ DATE FILED: 9/2/10               │
└─────────────────────────────────┘
```

MEMORANDUM DECISION

95 Cr. 1008 (DC)

CHIN, Circuit Judge

        Defendant Juan De Dios Tapia-Garcia ("petitioner")
petitions this Court for a writ of error coram nobis.  The
petition is denied as it lacks merit and was filed after undue
delay.

BACKGROUND

        A complete recitation of the facts and procedural
background of this case can be found in this Court's July 19,
2007, Memorandum Decision denying petitioner's motion under 28
U.S.C. § 2255 to vacate, set aside, or correct his sentence.
United States v. Tapia-Garcia, Nos. 07 Civ. 1282, 04 Cr. 694, 95
Cr. 1008, 2007 WL 2064764, at *3 (S.D.N.Y. July 19, 2007).  For
purposes of this motion, the Court need only highlight the
following:

        On October 16, 1985, petitioner was convicted after
trial in the Supreme Court of New York, Bronx County, for

attempted murder in the second degree, burglary, two counts of assault, and criminal possession of a weapon.  He was sentenced to fifteen years' imprisonment on the attempted murder conviction and shorter, concurrent terms of imprisonment for the other convictions.  After serving eight years, he was deported by the Immigration and Naturalization Service ("INS") to the Dominican Republic on March 31, 1993.

On May 29, 1993, petitioner attempted to illegally reenter the United States in Miami, Florida, but was detained by INS officials.  He escaped from the detention center on June 3, 1993.  He was subsequently arrested and held in a Florida jail until he escaped again.  On April 25, 1995, petitioner was arrested in Manhattan.

Tapia-Garcia pled guilty in this district on November 21, 1996, in case number 95 Cr. 1008 (the "1995 Case"), to charges of (1) illegal reentry after having been deported subsequent to a conviction for an aggravated felony and (2) escape from custody in connection with his May 29, 1993, arrest. Appearing before Judge Harold Baer, Jr., petitioner was sentenced to 105 months' imprisonment and three years' supervised release. At his plea and sentencing, petitioner was represented by attorney Steven Goldberg.  Tapia-Garcia v. United States, 53 F. Supp. 2d 370, 376 (S.D.N.Y. 1999).

Petitioner appealed his sentence with the assistance of new counsel, Collen P. Cassidy. Id. The Second Circuit affirmed the judgment of the District Court. United States v. Tapia-Garcia, No. 96-1773-cv, 1998 WL 88035 (2d Cir. Feb. 25, 1998).

In March 1998, petitioner filed a pro se motion under 28 U.S.C. § 2255. Judge Baer denied the motion. Tapia-Garcia, 53 F. Supp. 2d 370.

After serving his sentence for the 1995 Case, but still subject to the terms of his supervised release, Tapia-Garcia was deported on April 9, 2003. Petitioner subsequently illegally reentered the United States in 2003 and 2004 (the "2004 Case"). After petitioner pled guilty, I sentenced him for illegal reentry, making false statements in a passport application, and violating the terms of his supervised release from the 1995 Case. In May 2005, I sentenced petitioner to eighty-seven months' imprisonment for each count of the 2004 Case to run concurrently; three years' supervised release; and twenty-one months' imprisonment for his violation of supervised release in the 1995 Case, to run consecutively to the eighty-seven month sentence imposed in the 2004 Case. Tapia-Garcia, 2007 WL 2064764, at *3. Petitioner appealed, and the Second Circuit summarily affirmed his conviction and sentence. United States v. Tapia-Garcia,

- 3 -

05-2721-cr (2d Cir. Dec. 28, 2005).  In 2007, petitioner filed a
motion under 28 U.S.C. § 2255, which I denied.  <u>Tapia-Garcia</u>,
2007 WL 2064764, at *1.  Petitioner attempted to appeal my ruling
on his § 2255 motion.  The Second Circuit denied his application
for procedural reasons.  <u>Tapia Garcia v. United States</u>,
07-3565-pr (2d Cir. Sept. 26, 2007).

## DISCUSSION

In his motion, Petitioner contends that his counsel in
the 1995 Case[1] was ineffective because petitioner was never
informed that his guilty plea could be used against him in future

---

[1]    Petitioner does not indicate to which plea he is
referring.  The factual circumstances laid out in his petition
and the fact that he filed the petition under the 95 Cr. 1008
docket number, however, indicate that petitioner is referencing
the 1995 Case.  Moreover, petitioner states that "he is no longer
incarcerated for the relevant conviction."  This further suggests
that petitioner is referring to the 1995 Case, though I am not
sure it is accurate.  To some extent, petitioner is still
incarcerated under the 1995 conviction because he has yet to
serve his sentence for the violation of his supervised release.
Another court in this District has found that a petitioner in
Tapia-Garcia's circumstances, who is serving consecutive
sentences for a new conviction and a violation of supervised
release on a previous conviction, is not entitled to <u>coram nobis</u>
relief and may only challenge his convictions under 28 U.S.C. §
2255.  <u>Davila-Bajana v. United States</u>, No. 01 Civ. 7329 (RR),
2002 U.S. Dist. LEXIS 13716, at **6-8 (E.D.N.Y. June 26, 2002)
(citing <u>Fleming v. United States</u>, 146 F.3d 88, 89-90 (2d Cir.
1998), and <u>Garlotte v. Fordice</u>, 515 U.S. 39, 45-46 (1995)).
Nonetheless, I will give petitioner the benefit of the doubt and
consider his application for relief.

- 4 -

proceedings.  Further, petitioner suggests that the Court did not adequately determine whether petitioner understood the nature of the plea and the plea hearing.  Petitioner ultimately argues that, not understanding the consequences of the plea, he cannot be said to have pled voluntarily.

Petitioner additionally submitted a sworn affidavit. In the affidavit, Petitioner alleges that he received ineffective assistance of counsel because "prior counsel of the record failed to appeal [his] case despite [his] specific request to do so" and "counsel of record withdrew [his] direct appeal following [his] disagreement with counsel" regarding whether petitioner was guilty of the charged offense.  (Pet. Aff. 1).  Petitioner further alleges that he is not guilty of illegal reentry because he did not enter this country illegally, but rather was brought in by authorities, and that "as a result . . . petitioner is . . . presently having adverse affects on his present sentence of imprisonment."  (Id. at 2).

The Court gleans three allegations from petitioner's filings:  (1) petitioner's counsel did not explain the consequences of petitioner's guilty plea; (2) petitioner's counsel failed to pursue a direct appeal; and (3) the Court did not adequately discern whether petitioner understood the

consequences of his guilty plea.  For the reasons set forth
below, petitioner's arguments are rejected and his petition is
denied.

## A.  Applicable Law

          "[T]o obtain coram nobis relief a petitioner must
demonstrate that '1) there are circumstances compelling such
action to achieve justice, 2) sound reasons exist for failure to
seek appropriate earlier relief, and 3) the petitioner continues
to suffer legal consequences from his conviction that may be
remedied by granting of the writ.'"  Fleming v. United States,
146 F.3d 88, 90 (2d Cir. 1998) (quoting Foont v. United States,
93 F.3d 76, 79 (2d Cir. 1996)) (internal quotation marks,
citations, and alterations omitted).  Extraordinary circumstances
must be present, and the burden rests on the petitioner to show
that the proceedings in his case were not correct.  Fleming, 146
F.3d at 90 ("In reviewing a petition for the writ, a federal
court must presume the proceedings were correct.  The burden of
showing otherwise rests on the petitioner." (internal quotation
marks omitted)); Foont, 93 F.3d at 78-79.

          There is no statute of limitations governing coram
nobis petitions.  Foont, 93 F.3d at 80 (citing Telink, Inc. v.
United States, 24 F.3d 42, 45 (9th Cir. 1994)).  Coram nobis

relief, however, may be barred by the passage of time at the district court's discretion.  Id.  "If the district court decides that there was not sufficient justification for [the petitioner's] failure to seek relief at an earlier time, the writ is unavailable and [the] petition for coram nobis should be dismissed."  Nicks v. United States, 955 F.2d 161, 167-68 (2d Cir. 1992).  In the absence of sound reasons provided by the petitioner, the courts have generally found that a belated petition for coram nobis should be dismissed if its filing has been delayed for more than several years.  Echendu v. United States, No. 02 Civ. 1255, 2003 U.S. Dist. LEXIS 11843, at *19 (E.D.N.Y. July 24, 2003) (citing Foont, 93 F.3d at 80); Mastrogiacomo v. United States, No. 90 Cr. 565, 2001 WL 799741, at *2 (S.D.N.Y. July 16, 2001) (petitioner barred by unjustified three-year delay).

B.  **Application**

Petitioner's application is denied as it has no merit and because petitioner has not provided sufficient explanation for his delay in filing this petition.  Although there is no statute of limitations on coram nobis decisions, relief may be barred by the passage of time at the district court's discretion.  Nicks, 955 F.2d at 167-68.  "Coram nobis relief should issue only

- 7 -

when 'sounds reasons exist for failure to seek appropriate
earlier relief.'"  Id. at 167 (quoting United States v. Morgan,
346 U.S. 502, 512 (1954)) (alterations omitted).  Petitioner
offers no explanation for why he waited thirteen years before
bringing this petition.  Even if petitioner has a new motivation
for challenging his plea, due to its impact on the sentence he is
currently serving, that does not excuse his delay in challenging
the constitutional validity of the plea at an earlier date --
presumably, if petitioner was in fact innocent, he would have
known of the plea's invalid nature at the time the plea was
entered.  Indeed, this Circuit has found that the fact that a
petitioner might have a new motive to challenge a conviction is
not, standing alone, a sound reason for delay in pursuing earlier
relief.  Id.; see also Maghe v. United States, 710 F.2d 503 (9th
Cir. 1983).

          Even if petitioner's delay is excused, his claim fails
as it has no merit.  Petitioner's argument that trial counsel's
withdrawal of his original appeal constitutes extraordinary
circumstances compelling relief must be rejected because
petitioner was immediately provided appellate counsel who pursued
a direct appeal.  The Second Circuit affirmed.  See Tapia-Garcia,
1998 WL 88035.  Petitioner's remaining arguments relating to his

- 8 -

alleged unknowing waiver of his rights at his guilty plea to a
crime for which he was innocent are conclusory and unsupported by
the record.  See Foreman v. United States, No. 04 Civ. 4686 (HB),
2005 U.S. Dist. LEXIS 23804 (S.D.N.Y. Oct. 10, 2005), aff'd, 247
F. App'x 246 (2d Cir. 2007).  I have carefully reviewed the
transcript and find that petitioner was advised fully of the
charges against him, the rights he was giving up, the evidence
against him, and the consequences of a guilty plea for his civil
rights and immigration status.  (Plea Tr. 1/4/96).  Being fully
appraised of his rights, petitioner pled guilty. (Id.).
Accordingly, petitioner's suggestion that the plea proceeding was
invalid is rejected.

CONCLUSION

For the reasons set forth above, petitioner has failed
to demonstrate extraordinary circumstances compelling coram nobis
relief.  Accordingly, the petition for a writ of error coram
nobis is DENIED.  The Clerk of the Court shall close this case.

Because petitioner has not made a substantial showing
of the denial of a constitutional right, I decline to issue a
certificate of appealability.  28 U.S.C. § 2253 (1996) (as
amended by the Antiterrorism and Effective Death Penalty Act);
see Kellogg v. Strack, 269 F.3d 100 (2d Cir. 2001) (holding that

certificate of appealability requirement applies to appeals from denials of Rule 60(b) motions seeking relief from judgments denying habeas petitions); see also Jackson v. Albany Appeal Bureau Unit, 442 F.3d 51, 54 & n.2 (2d Cir. 2006).  I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this order would not be taken in good faith.

        SO ORDERED.

Dated:    New York, New York
           September 2, 2010

                           DENNY CHIN
                           United States Circuit Judge
                           Sitting by Designation

- 10 -